PAUL J. FISHMAN
United States Attorney
DAVID E. DAUENHEIMER
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
(973) 645-2925
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>     v.<br><br>Mr. Matthew Schwartz,<br><br>          Defendant. | **COMPLAINT** |

     The United States of America, by and through undersigned counsel, alleges as follows and files this Complaint seeking judgment against Mr. Matthew Schwartz for conversion (under federal common law and New Jersey law), trespass to chattels (under New Jersey law), and unjust enrichment (under federal common law and New Jersey law) based on his refusal to return to the possession and control of the United States a John Slavin painting and its frame ("the painting"), which are owned by the United States but are in Mr. Schwartz's possession and control. The United States also seeks replevin of the painting; an injunction prohibiting the painting from being sold, alienated, damaged, or destroyed during the pendency of this action; and a declaratory judgment that the painting is owned by the United States and must be returned immediately to the United States' possession and control.

**I.     The Parties, Jurisdiction, and Venue**

     1.     The plaintiff is the United States of America, acting on behalf of the General

Services Administration ("GSA"), an agency of the federal government.

2. On information and belief, defendant Matthew Schwartz is a resident of New Jersey who asserts ownership over the painting. Mr. Schwartz is subject to this Court's jurisdiction because, on information and belief, he resides and can be found in New Jersey. He has also refused the United States' demand for return of the painting, which, on information and belief, is in his possession and control and is located in New Jersey.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 because this action was commenced by the United States.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Mr. Schwartz is a resident of and can be found in New Jersey; because he is subject to the Court's personal jurisdiction with respect to this action; because a substantial part of the events giving rise to the United States' claims occurred in this District; and because the property that is the subject of this action is situated in this District.

## II. The Public Works of Art Project

5. During the New Deal Era the United States Government administered four public art programs the first of which was the Public Works of Art Project ("PWAP") created in 1933. The PWAP was created by presidential order as part of the Federal Works Agency to help provide economic relief to the citizens of the United States who were suffering through the Great Depression.

6. The PWAP employed over 14,000 artists and over 15,000 works of art were created under its auspices. Completed works of art were either loaned or allocated to federal, state, and local governmental entities and tax-supported organizations or non-profit organizations. For each loan or allocation, paperwork, labels, and/or metal tags accompanied the works of art.

7. The GSA's responsibility for administering New Deal works of art came from the Federal Property and Administrative Services Act of 1949. The Act established the GSA and in the process transferred "all records, property, personnel, obligations, and commitments of the Federal Works Agency, including those of all agencies of the Federal Works Agency." 40

U.S.C. § 753(a). Included in the mandate was the stewardship of the portable artwork created under the federal government's New Deal art projects. During the operation of the PWAP, it was clearly stated that the federal government would hold full legal title to artwork on long-term loan. Title to such artwork remains in the federal government today.

8. The GSA has been granted authority to dispose of both personal and real property that has been determined excess to one federal agency (i.e., is no longer needed by that agency for mission purposes) or surplus to the federal government (i.e., is no longer needed by any agency for mission purposes). Congress has established a specific process for the disposal of property from the federal government, which the GSA must follow. The GSA has developed regulations that implement its disposal authority. Only those individuals within the GSA who have been delegated authority by the Administrator may dispose of federal excess and surplus property, and they may do so only in the manner dictated by federal statutes and regulations.

9. This same restriction on the ability to dispose of United States property applies to all federal agencies. For this reason, courts have held that the federal government cannot abandon property, nor can title to property of the United States be divested by negligence, delay, laches, mistake, or unauthorized actions by subordinate officials. Additionally, inactivity, neglect, or unauthorized intentional conduct on the part of government officials does not divest the United States of ownership interest in property.

10. The GSA, in conjunction with its Office of Inspector General, has implemented a program to identify, locate, catalog, and recover lost or stolen PWAP and other New Deal Art Program paintings. Since the inception of the program, the GSA has recovered several paintings of substantial value. Many of these paintings are on long-term loan from the GSA to art museums or other public institutions across the country.

11. One of the GSA's present functions is the maintenance of an extensive portfolio of New Deal artwork, which includes public artwork displayed in federal buildings, as well as an extensive inventory of more than 23,000 pieces of artwork that are displayed in non-federal galleries and museums around the country, where they may be enjoyed by the public.

### III. The John D. Slavin Painting

12. John D. Slavin (1907-1971) was an artist who painted portraits and other works and is most well-known for his portrait of President Harry S. Truman which is in the collection of the Truman Library.

13. This case involves a Slavin oil-on-canvas painting, "1934 Farmer," that Mr. Schwartz was first identified as listing for sale in October 2015 on eBay under the user identification of Alphabetcityart. The approximate value of the painting, according to Mr. Schwartz's listing at that time was $8,500.

14. Mr. Schwartz's description of the painting represented that it was in excellent condition including the original frame with WPA plaque and museum label. The listing included photos of the painting, the PWAP metal plaque, and PWAP identification label.

15. Upon learning that Mr. Schwartz was preparing to auction the painting, which was and is labeled as having been produced under the PWAP, the GSA contacted Mr. Schwartz and issued him a notification letter on October 13, 2015 requesting that he cancel the auction until GSA could further investigate and render a determination as to ownership.

16. On that same day, October 13, 2015, the eBay listing for the painting was altered. Specifically, the photographs of the WPA plaque and label were removed and the description was changed to no longer refer to the painting as federal artwork. After GSA contacted Mr. Schwartz to inquire as to the listing change, the auction was cancelled later that same day.

17. On November 18, 2015, GSA attempted to notify Mr. Schwartz that they had determined the painting to be government property and to provide him with documentation supporting that determination. Mrs. Schwartz answered the door, stated her husband was not home, and declined to provide any further information.

18. On November 23, 2015, GSA identified the 1934 Farmer painting as again listed on eBay for sale this time for $10,500 and without the federal PWAP descriptors.

19. GSA again requested Mr. Schwartz remove the painting from eBay auction, however the listing continued until November 26, 2015 when the eBay's Global Asset Protection office notified GSA the auction had been ended.

### IV. The Painting Was Produced Under the Federal Art Project

20. John D. Slavin is specifically listed in official government documentation from the 1930's and 1940's as having been one of the artists who participated in the Federal Art Project.

21. The dimensions and timeframe of the painting coincide with Slavin's tenure and works as a commissioned PWAP artist.

22. In the eBay listing Mr. Schwartz described the painting as being in "excellent" condition with the "original wooden frame featuring authentic brass WPA plaque" on the front. One of the ways the federal government identified its ownership of works of art that were produced under various New Deal art programs was by affixing each work with an identifying "press plate." The WPA Federal Art Project press plate indicates that the painting in this case is a work of art produced under the PWAP.

23. Another way the federal government identified its ownership of works of art was to affix a label that stated, among other things, the name of the artist and the title of the work. The label also indicated that the work was done under the PWAP, is property of the federal government, is loaned subject to regulations, and is not to be removed. Based on photographs included in Mr. Schwartz's first auction on eBay, the reverse of the painting in this case had a label remnant consistent with the dimensions of such labels used on WPA projects.

### V. The United States Owns the Painting

24. The painting was produced for the federal government as part of the PWAP.

25. The United States is not aware of any provision of the PWAP by which Mr. Schwartz or any other individual obtained title to or ownership of the painting.

26. The United States Constitution authorizes the federal government to procure, own, use, and dispose of property.

27. Congress is the branch of the federal government with the power to procure, own, use, and dispose of federal property.

28. Only Congress can authorize the disposal of federal property.

29. Congress has not authorized any disposal of the painting by the federal

government.

30. Despite the passage of time and Mr. Schwartz's refusal to return the painting to the United States' possession, ownership of the painting remains with the federal government.

## VI. Causes of Action

### First Cause of Action
### Conversion (Federal Common Law)

31. The United States incorporates by reference paragraphs 1 to 30 of this Complaint.

32. Mr. Schwartz committed and continues to commit an act of control or dominion over property of the United States.

33. Mr. Schwartz's act seriously interfered or continues to interfere with the United States' rights.

### Second Cause of Action
### Conversion (New Jersey Law)

34. The United States incorporates by reference paragraphs 1 to 26 of this Complaint.

35. Mr. Schwartz intentionally exercised or continues to exercise dominion or control over the painting in a manner inconsistent with the United States' rights.

36. Mr. Schwartz's dominion or control over the painting so seriously interfered or continues to interfere with the United States' right to control the painting that Mr. Schwartz is justly required to pay the United States the full value of the painting.

### Third Cause of Action
### Trespass to Chattels (New Jersey Law)

37. The United States incorporates by reference paragraphs 1 to 30 of this Complaint.

38. Mr. Schwartz dispossessed or continues to dispossess the United States of federal

property by intentionally barring the United States' access to the painting.

39. Mr. Schwartz committed or continues to commit such dispossession by assuming control over the painting in a way inconsistent with the possessory and ownership interest of the United States.

## Fourth Cause of Action
## Unjust Enrichment (Federal Common Law)

40. The United States incorporates by reference paragraphs 1 to 30 of this Complaint.

41. The United States has conferred a benefit upon Mrs. Schwartz by virtue of his possession of and refusal to surrender the painting.

42. Mr. Schwartz possessed an appreciation or knowledge of the benefit.

43. Mrs. Schwartz accepted or retained the benefit under such circumstances as to make it inequitable for him to retain the benefit without payment of its value.

## Fifth Cause of Action
## Unjust Enrichment (New Jersey Law)

44. The United States incorporates by reference paragraphs 1 to 30 of this Complaint.

45. By retaining and refusing to surrender the painting, Mr. Schwartz has been enriched at the United States' expense.

46. Mr. Schwartz's enrichment was caused by the United States' loss.

47. There was and is no justification for Mr. Schwartz's enrichment and the United States' loss.

48. The United States lacks a remedy at law.

49. The United States has conferred a benefit upon Mr. Schwartz by virtue of his possession of and refusal to surrender the painting.

50. Mr. Schwartz's benefit was at the United States' expense.

51. It would be unjust to allow Mr. Schwartz to keep the benefit.

### Sixth Cause of Action
### Replevin

52. The United States incorporates by reference paragraphs 1 to 30 of this Complaint.

53. The United States is the full and unqualified owner of the painting and is entitled to the present possession of the painting.

54. The painting is a unique piece of artwork for which monetary compensation would be inadequate.

55. The painting is being wrongfully detained by Mr. Schwartz.

56. Ownership or possession of the painting by anyone other than the United States is not authorized by law.

57. The United States has demanded the return of the painting which has been refused by Mr. Schwartz.

### Seventh Cause of Action
### Declaratory Judgment and Injunctive Relief

58. The United States incorporates by reference paragraphs 1 to 30 of this Complaint.

59. The United States seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that the painting is owned by the United States and must be returned immediately to the United States' possession and control.

60. The United States also seeks an injunction prohibiting the painting from being sold, alienated, damaged, or destroyed during the pendency of this action.

61. There is a substantial controversy between the United States and Mr. Schwartz.

62. The United States and Mr. Schwartz have adverse interests that are of sufficient immediacy and reality to warrant an injunction and a declaratory judgment.

WHEREFORE, the United States prays for judgment in its favor and against Mr. Schwartz:

1. on the first five causes of action listed above;

2. for the issuance of an order of replevin for the painting;

3. for the issuance of an injunction prohibiting the painting from being sold, alienated, damaged, or destroyed during the pendency of this action;

4. for declaratory judgment that the painting is owned by the United States and must be returned immediately to the United States' possession and control; and

5. for damages, costs, attorney's fees, and all other legal or equitable relief that is just and proper.

Respectfully submitted this __23rd__ day of __May__, 2016.

PAUL J. FISHMAN
United States Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102

Attorney for Plaintiff

By: *s/ David E. Dauenheimer*
DAVID E. DAUENHEIMER
Assistant United States Attorney
(973) 645 2925

JS 44 (Rev. 1/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The United States of America

**DEFENDANTS**
Mr. Matthew Schwartz
305 Tearose Lane
Cherry Hill, NJ 08003

(b) County of Residence of First Listed Plaintiff: Essex
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Camden
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*
David E. Dauenheimer, AUSA
U.S. Attorney's Office, DNJ
970 Broad St., Suite 800, Newark, NJ 07102   (973) 645-2925

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [X] 380 Other Personal Property Damage | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2201; 40 U.S.C. § 753(a)

Brief description of cause:
This is an action seeking the return of U.S. government property (a Public Works of Art Project painting).

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: 
DOCKET NUMBER:

DATE: 05/23/2016
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____