**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW SCHWARTZ<br><br>Defendant. | No.: 1:16-cv-02930-RBK-AMD<br><br>**DEFENDANT MATTHEW SCHWARTZ'S OPPOSITION TO THE UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT[1]** |

## I. INTRODUCTION

Plaintiff, the United States of America ("United States") asserts that a John Slavin painting produced under the Public Works of Art Project ("PWAP") and its frame (collectively, the "Painting") are owned by the United States, despite acknowledging that they are in defendant, Matthew Schwartz's "possession and control." Pl. Motion at p. 1. The United States' claim of ownership of a painting it has not seen since 1934 hinges on its strained interpretation of a dusty memorandum titled "Legal Title to Works Produced under the Public Works of Art Project" in which the United States retains ownership of artwork like the Painting only if it is not "executed to occupy some particular location." Under its interpretation of that memorandum, the United States asserts ownership of the Painting, even though it has not established that the Painting was not executed to occupy a particular place. The United States, through its agency the General Service Administration ("GSA"), has acknowledged that the question of whether the artwork at issue was executed to occupy a particular place is essential to its assertion of ownership of that artwork. See, infra., Hoelzer v. City of Stamford, Conn. Absent demonstration that the Painting was not designated to occupy a particular location, a question on which the United States' motion is silent, summary judgment is unwarranted and the United States' motion must be denied.

## II. ARGUMENT

[1] Although plaintiff's motion is captioned "motion for summary judgment," the only cause of action of the complaint briefed is that demanding replevin (Count Six).

New Jersey law is clear that the United States bears a heavy burden to refute the presumption that the possessor of an object is its owner, stating that:

> It is the settled law that in an action of equitable replevin, as in an action at replevin at law, the possession … is "prima facie evidence" of its ownership but "it is not conclusive." The burden is on complainants properly to establish ownership -- absolute or qualified -- and the right to exclusive possession where such ownership is denied. Complainants' right of recovery is necessarily based upon the strength of their …rather than upon the weakness of [defendant's] title thereto.

Redmond v. N.J. Historical Soc., 132 N.J. Eq. 464, 469, 28 A.2d 189, 192, (E. & A. 1942)(Internal citations omitted)(reversed on other grounds). The United States concedes that it has the affirmative obligation to prove it owns the painting. Pl. Motion at p. 6. However, the Unites States also incorrectly attempts to shift the burden to Mr. Schwartz to prove that the painting is his. Id. at p. 7.

The memorandum titled "Legal Title to Works Produced under the Public Works of Art Project" (Pl. Motion at Ex. A) is undisputedly the only documentary guidance, persuasive or otherwise, to which the court should look to ascertain true ownership of the painting. By its own terms, the memorandum limits government ownership of PWAP art to those which are not "executed to occupy some particular location." Id. The USA's brief is silent on this point and makes no argument whatsoever that the painting falls into this limited category, which it its burden. See, Redmond, supra.

The position the GSA takes here is directly opposite to the position it took with regard to Hoelzer v. City of Stamford, Conn. 722 F. Supp. 1106 (affd., Hoelzer v. City of Stamford, Conn. 933 F.2d 1131 (2d Cir. 1991). In Hoelzer, Frank Bowne found in a dumpster a mural painted by James Daugherty in 1934 on the walls of Stamford High School as part of the PWAP. Id. at 1107. Mr. Bowne consulted with the GSA which delivered the mural to plaintiff, Hiram Hoelzer, a restorer and Mr. Hoelzer advised the GSA what restoration would be required. Id. While the mural was in Mr. Hoelzer's possession and as restoration progressed, a dispute regarding ownership of the mural arose among the artist's son, the City of Stamford and the GSA. Id. at 1109-10. When Mr. Hoelzer inquired with the GSA with regard to ownership of the mural and payment for work he had performed on it, the GSA denied ownership of the mural and sent him…

> a March 26, 1934 policy memorandum from an Assistant Secretary of the Treasury entitled "Legal Title to Works Produced under the Public Works of Art Project" which provides that "all works of art executed with the intent that they should occupy a particular place in some public building are to be treated as a part of that building." The G.S.A. stated that since the mural fell within that category, it is "not within the purview of ownership and/or maintenance by the Federal Government" - and suggested the matter be resolved directly with the City.

Id. at 1110. Critical to the GSA's disclaimer of ownership of the WPA painting was that it was painted to occupy the Stamford High School.

Here, the United States is silent as to whether the Painting was "executed with the intent that [it] should occupy a particular place in some public building," a fact in contention whose resolution is in the unique provenance of the GSA as successor in interest to the PWAP, under which the Painting was purportedly created. Pl. Motion at p. 3. Instead, the United States attempts to mask its failure to establish that the painting was not "executed to occupy some particular location" by citing to cases on the issue of abandonment. Pl. Motion at p. 6. Mr. Schwartz does not argue that the painting was abandoned, nor must he- at all times it is the USA's burden to demonstrate the painting is the property of the government. The United States has the burden to establish that the Painting is its property and, with regard to ownership of art under the PWAP, that the art was not "executed to occupy some particular location." Having failed to demonstrate that essential fact, the USA's claim must fail and ownership must remain in the hands of the proper owner of the Painting, Mr. Schwartz.

**III. CONCLUSION**

Because the United States has not met its burden to show ownership of the Painting as is its obligation under N.J.S.A. 2B:50-1 and per Red. R. Civ. P. 56(a), summary judgment should be denied.

Dated: August 17, 2017

Respectfully submitted,

By: ______________________________

Noah A. Schwartz
naschwartz@zarwin.com
ZARWIN, BAUM, DeVITO, KAPLAN, SCHAER & TODDY, P.C.
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Phone: 215.569.2800
Fax: 267.765.9638
*Attorney for Defendant, Matthew Schwartz*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2017, I electronically filed Matthew Schwartz's Opposition to United States' Motion for Summary Judgment with the Clerk of Court for the United States District Court, District of New Jersey, by using the District of New Jersey CM/ECF system

The United States will be served by the District of New Jersey CM/ECF system.

By: ______________________________
Noah A. Schwartz